Robert J. Schnack, SBN 191987
BULLIVANT HOUSER BAILEY PC
1415 L Street, Suite 1000
Sacramento, California 95814
Telephone: 916.930.2500
Facsimile: 916.930.2501

Attorneys for Defendant
NEW WORLD ENVIRONMENTAL, INC.
dba NEW WORLD TECHNOLOGY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH K. HAIRSTON,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>NEW WORLD ENVIRONMENTAL dba NEW WORLD TECHNOLOGY AND TETRA TECH-FOSTER WHEELER,<br><br>　　　　　Defendants. | Case No.: C 07 3882 BZ<br><br>**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT AND COUNTERCLAIM AGAINST PLAINTIFF** |

　　　　Defendant New World Environmental, Inc. dba New World Technology (hereinafter "Defendant"), in answer to Plaintiff's Complaint admits, denies and alleges as follows:

　　　　1.　　Answering Paragraph 1, Defendant is without sufficient information to form a belief as to the truth of the allegations concerning Plaintiff's current residence and telephone number and, on that basis only, denies the allegations of Paragraph 1.

　　　　2.　　Answering Paragraph 2, Defendant admits that its principal place of business is located at Livermore, CA and, upon information and belief, that co-defendant Tetra Tech, Inc.'s place of business is located in Pasadena, CA.

　　　　3.　　Answering Paragraphs 3, Defendant admits Plaintiff alleges claims under federal Title VII and that this Court has jurisdiction over the claims alleged pursuant to the Title VII.

– 1 –

4. Answering Paragraph 4, Defendant admits that Plaintiff alleges in his Complaint that he was wrongfully terminated and not promoted, both in violation of Title VII, but Defendant denies Plaintiff's allegations of wrongful termination in violation of Title VII and of failure to promote him in violation of Title VII.

5. Answering Paragraph 5, Defendant denies each and every allegation contained in said Paragraph.

6. Answering Paragraph 6, Defendant denies each and every allegation contained in said Paragraph.

7. Answering Paragraph 7, Defendant denies each and every allegation contained in said Paragraph.

8. Answering Paragraph 8, Defendant admits that Plaintiff filed charges with the federal EEOC and California DFEH in about January 2007 regarding his claims of discrimination, but DEFENDANT denies the allegations and claims of discrimination contained in those charges filed with the EEOC and DFEH.

9. Answering Paragraph 9, Defendant admits that Plaintiff was issued a Notice of Right to Sue letter by the EEOC on May 25, 2007.

10. Paragraph 10 is not an averment amenable to or requiring an admission or denial from Defendant.

11. Answering Paragraph 11, Defendant admits that Plaintiff is seeking the relief delineated in said Paragraph, but Defendant denies Plaintiff is entitled to such relief and Defendant further denies any liability for the relief sought or that Defendant violated the statutes and/or legal theories identified in the Complaint.

12. Except as expressly admitted hereinabove, Defendant denies the allegations of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. The Complaint fails to state facts sufficient to constitute a cause of action against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

2. To the extent plaintiff has failed to exercise reasonable care to mitigate the damages he allegedly sustained, he is barred from recovery or his recovery should be reduced accordingly.

**THIRD AFFIRMATIVE DEFENSE**

3. To the extent the Complaint can be construed to allege a claim for punitive or exemplary damages, such claim violates rights provided under the First, Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution and under the Constitution of the State of California.

**FOURTH AFFIRMATIVE DEFENSE**

4. Defendant denies the allegations in Plaintiff's Complaint. However, should it be determined that Plaintiff has been damaged, then said damages were proximately caused by Plaintiff's own conduct.

**FIFTH AFFIRMATIVE DEFENSE**

5. To the extent the Complaint can be construed to allege a claim for punitive or exemplary damages, Defendant alleges that it did not act with malice, oppression or fraud, nor did Defendant engage in any despicable acts that would warrant the imposition of punitive damages.

**SIXTH AFFIRMATIVE DEFENSE**

6. Plaintiff's Complaint and cause(s) of action alleged therein are barred and/or his damages, if any, are reduced, to the extent that Plaintiff failed to take advantage of Defendant's or others' safeguards to avoid and eliminate alleged discrimination and harassment, which failure to act by Plaintiff caused or contributed to the claimed damages, if any.

**SEVENTH AFFIRMATIVE DEFENSE**

7. Plaintiff's claim(s) are barred to the extent he failed to comply with the applicable statute of limitations.

**EIGHTH AFFIRMATIVE DEFENSE**

8. Defendant exercised reasonable care, prudence, skill, and business judgment in

the management of Plaintiff. Any decisions with respect to Plaintiff were made without regard to any alleged circumstances referenced in the Complaint. Defendant acted in good faith and consistent with the law. Defendant's actions with respect to Plaintiff were entirely proper and privileged.

## COUNTERCLAIM FOR ATTORNEY'S FEES

Defendant New World Environmental, Inc. dba New World Technology ("Defendant") alleges a counterclaim against Plaintiff Joseph K. Hairston ("Plaintiff") as follows:

1. Plaintiff filed charges with the federal EEOC and California DFEH alleging that Defendant denied him promotions to the positions of Data Records Manager, Record Manager, and Sample Technician. See Exhibit A hereto.

2. Defendant does not have positions of Data Records Manager, Records Manager, and Sample Technician. Thus, Defendant could not have denied Plaintiff promotions to those non-existent positions.

3. Plaintiff further alleged in his charges filed with the EEOC and the DFEH that he was terminated for opposing practices he believed were unlawful under California FEHA. See, Exhibit a hereto.

4. Plaintiff never made a complaint, written or oral, to Defendant or its Human Resources Department opposing any alleged unlawful conduct in violation of FEHA by Defendant.

5. Defendant terminated Plaintiff on or about May 8, 2006 for his failing to show up to work and not following procedures for calling in absences.

6. Plaintiff's cause of action in his Complaint alleging violations of Title VII is frivolous, unreasonable, and/or without foundation, in that Plaintiff either knew or should have known that he has no evidence to support his cause of action alleged in the Complaint.

7. Defendant should be awarded its attorney's fees under federal Title VII, including, without limitation, 42 U.S.C. section 2000e-5(k), and/or California FEHA incurred in defending this action.

///

**PRAYER**

WHEREFORE, Defendant prays as follows:

1. That Plaintiff's Complaint be dismissed and that he take nothing thereby;

2. That Defendant's counterclaim for its attorney's fees under Title VII and/or California FEHA be granted;

3. That judgment be entered for Defendant and against Plaintiff accordingly;

4. That Defendant be awarded its costs of suite; and

5. That Defendant be awarded other just and equitable relief that the Court may deem appropriate in the circumstances.

DATED: September 25, 2007

BULLIVANT HOUSER BAILEY PC

By *[signature]*
Robert J. Schnack
1415 L Street, Suite 1000
Sacramento, California 95814
Telephone: 916.930.2500
Facsimile: 916.930.2501

Attorneys for Defendant
NEW WORLD ENVIRONMENTAL, INC. dba
NEW WORLD TECHNOLOGY

4265618.1

**CERTIFICATE OF SERVICE**

I am a citizen of the United States and am employed in Sacramento County, where this mailing occurs. My business address is 1415 L Street, Suite 1000, Sacramento, California 95814. I am over the age of 18 years and not a party to the within cause.

On September 25, 2007, following ordinary business practice, I served the foregoing document(s) described as:

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT AND COUNTERCLAIM AGAINST PLAINITFF**

in the following manner, by placing a true copy/true copies thereof in a sealed envelope/sealed envelopes, addressed as follows:

| *Plaintiff In Pro Per*<br>Joseph Hairston<br>P.O. Box 494<br>Niagara Falls, NY  14302 | |

__XXX__    **(BY MAIL)** I caused such envelope(s) **NOTED ABOVE** with First Class postage thereon fully prepaid to be placed in the U.S. Mail in Sacramento, California. I am readily familiar with my employer's normal business practice for collection and processing of correspondence and other material for mailing with the United States Postal Service, and that practice is that said material is deposited with the United States Postal Service the same day as the day of collection in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date of postage meter date is more than 1 day after date of deposit for mailing in affidavit.

____    **(BY PERSONAL SERVICE)** I caused such envelope(s) **NOTED ABOVE** to be hand-delivered by an authorized attorney messenger service, this date to the offices of the addressee(s).

____    **(BY FEDERAL EXPRESS)** I caused such envelope(s) to be delivered in a sealed Federal Express package, delivery fees for which are billed to this firm's account, to a Federal Express office for next-morning delivery. I am readily familiar with the business practices of my employer for the collection and processing of correspondence for mailing with Federal Express delivery service.

____    **(BY FACSIMILE)** I personally transmitted the aforementioned document, via facsimile machine, to each of the above listed parties' FAX numbers between the hours of 9:00 a.m. and 5:00 p.m. on _____, and received verification thereafter of each complete transmission. A copy of that report, which was properly issued by the transmitting machine, is attached hereto.

[X]    **(Federal)** I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on September 25, 2007, at Sacramento, California.

_/s/ Kris E. McBride_
Kris E. McBride