Timothy J. Murphy (State Bar No. 54200)
Stacey A. Zartler (State Bar No. 160859)
FISHER & PHILLIPS LLP
One Embarcadero Center, Suite 2340
San Francisco, CA 94111-3712
Telephone: (415) 490-9000
Facsimile: (415) 490-9001
szartler@laborlawyers.com

Attorneys for Defendant
Tetra Tech EC, Inc.
(erroneously sued as Tetra Tech-Foster Wheeler)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH K. HAIRSTON,<br><br>            Plaintiff,<br><br>vs.<br><br>NEW WORLD ENVIRONMENTAL, et al.<br><br>            Defendants. | Civil Action No. C07-03882 BZ<br><br>**ANSWER TO EMPLOYMENT DISCRIMINATION COMPLAINT** |

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant Tetra Tech EC, Inc. (erroneously sued as Tetra Tech-Foster Wheeler) (hereinafter "Tetra Tech") hereby Answers the Employment Discrimination Complaint (hereinafter "Complaint") of Plaintiff Joseph K. Hairston (hereinafter "Plaintiff") for alleged violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.), as follows:

      1.      Answering Paragraph 1 of the Complaint, Tetra Tech lacks sufficient knowledge or information to admit or deny Plaintiff's alleged resident address and telephone number.

      2.      Answering Paragraph 2 of the Complaint, Tetra Tech denies that it is located at the Pasadena address as alleged. Tetra Tech is a Delaware Corporation with its principal place of business in Morris Plains, New Jersey. Tetra Tech lacks sufficient knowledge or information

ANSWER TO EMPLOYMENT DISCRIMINATION COMPLAINT    1
*Hairston v. New World Environmental, et al.; Case No. C07-03882 BZ*
SanFrancisco 102866.1

to admit or deny the alleged location of New World Environmental.

3.  Answering Paragraph 3 of the Complaint, Tetra Tech admits that Plaintiff is bringing this action for alleged employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, and admits that he is purporting to seek equitable relief.

Tetra Tech denies the allegation that this Court has jurisdiction over Tetra Tech under 42 U.S.C. Section 2000e-5 because Plaintiff failed to exhaust his administrative remedies against Tetra Tech. He never filed an administrative charge against Tetra Tech. Tetra Tech was not named in the charge Plaintiff filed against New World Environmental. Tetra Tech had no knowledge or information that any charge had been filed against New World Environmental until Tetra Tech was served with the Complaint, which attached a right to sue letter from the EEOC, which was copied (cc'd) to New World.

Tetra Tech also denies that Plaintiff's claims can be brought in any jurisdiction, because, if, as Plaintiff alleges in Paragraph 6 of the Complaint, the alleged discriminatory and/or retaliatory conduct took place in or about January 2006 to May 2006, Tetra Tech is informed and believes, and on that basis alleges, that Plaintiff's claims against Tetra Tech are barred by the statue of limitations.

Additionally, Tetra Tech denies that this Court has jurisdiction over Tetra Tech because it was never Plaintiff's employer or joint employer as defined under Title VII and cases interpreting it. Tetra Tech contracted with the United States Navy, Southwest Division to engage in services at Hunter's Point, California. Tetra Tech entered into a subcontract with Defendant New World Environmental, Inc. (hereinafter "New World") to perform certain services at Hunter's Point. Tetra Tech understands, on information and belief, that Plaintiff was an employee of New World.

With regard to the purported employment of Plaintiff with New World Environmental, Tetra Tech exercised no control over Plaintiff's employment. <u>Tetra Tech was not involved in any way in Plaintiff's employment</u>, including with regard to the following: (a) hiring or not hiring, (b) termination, (c) promotions or lack thereof, (d) discipline or recommendations of discipline, (e) day-to-day supervision, (f) regulating his work hours or

---

days of work, (g) determining his job duties, (h) assigning his job duties, (i) establishing his compensation, including rate, method and frequency of payment, (j) calculating or issuing his paychecks, (k) keeping track of his time, (l) keeping his employment records, (m) providing him with any fringe benefits, including health insurance, (n) providing workers' compensation insurance for him, (o) otherwise insuring him, (p) making contributions to state or federal taxes, FICA, FUTA, SDI, social security or any other employment taxes for him, (q) making unemployment insurance contributions for him, (r) providing him any time off, or (s) setting or altering any other term or condition of his employment. Tetra Tech was not aware of any complaints Plaintiff may have had before this lawsuit, including about any alleged racially discriminatory or retaliatory decisions, and including the hiring, promotion and termination decisions alleged in the Complaint.

4. Answering Paragraph 4 of the Complaint, Tetra Tech lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations made therein.

5. Answering Paragraph 5 of the Complaint, Tetra Tech lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations made therein.

6. Answering Paragraph 6 of the Complaint, Tetra Tech lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations made therein.

7. Answering Paragraph 7 of the Complaint, Tetra Tech lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations made therein.

8. Answering Paragraph 8 of the Complaint, Tetra Tech lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations made therein.

9. Answering Paragraph 9 of the Complaint, Tetra Tech admits that Plaintiff attached a "right to sue" letter, dated May 25, 2007, to the Complaint. Tetra Tech lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegation that Plaintiff received the letter on May 27, 2007.

10. Answering Paragraph 10 of the Complaint, Tetra Tech admits that Plaintiff demand a jury trial but is without sufficient knowledge or information to form a belief as to his actual entitlement to a jury trial. Tetra Tech admits that jury trials are authorized under Title

VII of the Civil Rights Act of 1964. Tetra Tech denies that Plaintiff is entitled to a trial of any kind against Tetra Tech for the reasons set forth in Paragraph 3, above, and incorporated fully herein and based on the other defenses raised herein.

11. Answering Paragraph 11 of the Complaint, Tetra Tech denies that Plaintiff is entitled to the relief he requests against Tetra Tech for the reasons set forth in Paragraph 3, above, and incorporated fully herein and based on the other defenses raised herein.

## TETRA TECH'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

The Complaint, and each cause of action stated therein, fails to state facts sufficient to constitute a cause of action against Tetra Tech.

### SECOND AFFIRMATIVE DEFENSE

#### (Failure to Exhaust Administrative Remedies)

Plaintiff's claims against Tetra Tech are barred by Plaintiff's failure to comply with the statutory, jurisdictional and procedural requirements under Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e et seq.) and failure to exhaust his administrative remedies thereunder. 42 U.S.C. §2000e-5(f)(1); *United Airlines, Inc. v. Evans*, 431 US 553, 558, 97 S.Ct. 1885, 1889 (1977).

### THIRD AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

Plaintiff's claims against Tetra Tech are barred by the statute of limitations set forth in or contemplated by Title VII of the Civil Rights Act of 1964, including without limitation 42 U.S.C. §2000e-5(e)(1) and 42 U.S.C. §2000e-5(f)(1).

### FOURTH AFFIRMATIVE DEFENSE

#### (Tetra Tech's Reasonable Care and Plaintiff's Unreasonable Failure to Use Established Complaint Procedures)

Plaintiff's claims and/or recovery of damages on his claims against Tetra Tech, are barred, in whole or in part, because Tetra Tech: (a) had known policies and procedures in place,

1  including equal employment opportunity policies, policies prohibiting discrimination and
2  retaliation, and policies providing complaint procedures for addressing any concerns about
3  equal employment opportunity, discrimination and retaliation; and (b) exercised reasonable
4  care and/or took all reasonable steps to prevent discriminatory or retaliatory behavior; and
5  because Plaintiff unreasonably failed to take advantage of the preventive or corrective
6  opportunities provided by Tetra Tech and to otherwise avoid harm as defined in *Burlington*
7  *Industries, Inc. v. Ellerth*, 524. US 742, 764-65, 118 S.Ct. 2257, 2270 (1998); *Faragher v. City*
8  *of Boca Raton*, 524 US 775, 806 118 S.Ct 2275, 2292-2293 (1998); and subsequent cases.

## FIFTH AFFIRMATIVE DEFENSE

### (Lack of Knowledge or Notice)

Plaintiff's claims against Tetra Tech, or his recovery of damages thereon, are barred, in whole or in part, because Tetra Tech had no knowledge or notice, constructive or otherwise, nor should it have known of the alleged misconduct, discrimination, retaliation, or of the unfitness of any person alleged to have engaged in same.

## SIXTH AFFIRMATIVE DEFENSE

### (Conduct Beyond the Course and Scope of Employment/Lack of Agency)

If any alleged harassing or other improper conduct occurred, which Tetra Tech denies, Tetra Tech is not liable because (a) any persons allegedly engaging in any such conduct were not acting as an employee or agent of Tetra Tech; (b) such conduct was outside the scope, course and/or authority of any employee or agent of Tetra Tech; (c) Tetra Tech was not negligent or reckless with respect to any such conduct; and/or (d) such conduct was expressly contrary to and in disregard for Tetra Tech interests, rules, policies and/or procedures.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to State A Claim for Punitive Damages)

The Complaint fails to state facts sufficient to obtain punitive damages against Tetra Tech.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

On information and belief, and solely for the purpose of reserving the issue, Tetra Tech alleges that Plaintiff has failed to exercise reasonable diligence in mitigating his alleged damages, if any, and to the extent of such failure to mitigate, any damages awarded to Plaintiff should be reduced accordingly.

## NINTH AFFIRMATIVE DEFENSE

### (Pre-Existing/Concurrent Cause)

Plaintiff's claims are barred or limited to the extent that Plaintiff suffered any monetary or other damage, or symptoms of mental or emotional distress or injury which is the result of any pre-existing condition or alternative concurrent or subsequent cause, including Plaintiff's own actions, and not the result of any act or omission of Tetra Tech.

## TENTH AFFIRMATIVE DEFENSE

### (Legitimate Non-Discriminatory Reasons/ Business Necessity/Justification/Privilege/Good Cause)

The Complaint, and each purported cause of action therein, is barred because all acts or omissions of Tetra Tech which may have affected the terms and/or conditions of Plaintiff's employment were for legitimate non-discriminatory and non-retaliatory reason(s), were justified, privileged, based on business necessity and safety reasons, and done with good and just cause. Even if Tetra Tech had considered a prohibited factor in any decision, which Tetra Tech denies, Tetra Tech would have made the same decision in any event for lawful reasons. 42 U.S.C. §2000e-5(g)(2).

## ELEVENTH AFFIRMATIVE DEFENSE

### (Lack of Causation)

If any loss, injury, damage or detriment occurred as alleged in the Complaint, the loss, injury, damage or detriment was caused and contributed to by the actions of Plaintiff, or by some other party, entity or individual, or by other factors outside of Tetra Tech's control, knowledge, consent or ratification.

*Hairston v. New World Environmental, et al.; Case No. C07-03882 BZ*
SanFrancisco 102866.1

### TWELFTH AFFIRMATIVE DEFENSE

### (No Entitlement to Attorneys' Fees)

Plaintiff has not stated a valid claim for attorneys' fees, and even if he could, such a claim is barred, in whole or in part, due to his pro per status and because it violates the rights of Tetra Tech to protection from procedural "due process" and/or "excessive fines" as provided in the United States Constitution, as amended, and in the Constitution of the State of California.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Bona Fide Occupational Qualification)

Plaintiff's claims are barred, in whole or in part, by the bona fide occupational qualification defense (42 U.S.C. §2000e-2(e).

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Actions Pursuant to a Bona Fide Seniority System)

Plaintiff's claims are barred, in whole or in part, by the bona fide seniority system defense (42 U.S.C. §2000e-2(h)).

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

Tetra Tech expressly reserves the right to amend its answer and to assert additional affirmative defenses, and to supplement, alter or change its answer and affirmative defenses upon revelation of more definitive facts by Plaintiff and/or upon Tetra Tech' further undertaking of discovery and investigation of this matter. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

WHEREFORE, Tetra Tech EC, Inc. prays that judgment be entered in favor of Tetra Tech and against Plaintiff, that Plaintiff take nothing by way of his Complaint and that Tetra Tech be awarded its costs and, if appropriate, attorneys' fees, and whatever other remedies the Court finds reasonable.

## LOCAL RULE 3-16 DISCLOSURE

Pursuant to Civil L.R. 3-16, the undersigned certifies that (1) Defendant Tetra Tech EC, Inc. is a publicly-traded corporation not owned by any parent entity, and no shareholder of the corporation owns more than ten percent of the corporation; and (2) Tetra Tech are not aware of any persons, associations, firms, partnerships, corporations or other entities, other than the named parties, who have a financial or any other interest in the subject matter in controversy or in a party that could be substantially affected by the outcome of this proceeding.

DATED: October 4, 2007

                             _____
                             Stacey A. Zadler
                             FISHER & PHILLIPS LLP

                             Attorneys for Defendant
                             Tetra Tech EC, Inc.

ANSWER TO EMPLOYMENT DISCRIMINATION COMPLAINT      8
Hairston v. New World Environmental, et al.; Case No. C07-03882 BZ
SanFrancisco 102866.1

# PROOF OF SERVICE

I am a citizen of the United States and employed in the County of San Francisco, California. I am over 18 years of age and not a party to this action. My business address is One Embarcadero Center, Suite 2340, San Francisco, CA 94111-3712. On this date I served the within **ANSWER TO EMPLOYMENT DISCRIMINATION COMPLAINT** in said action as follows:

✔ (by mail) on all parties in said action in accordance with Code of Civil Procedure §1013, by placing a true and correct copy thereof enclosed in a sealed envelope in a designated area for outgoing mail, addressed as set forth below. At Fisher & Phillips, mail placed in that designated area is given the correct amount of postage and is deposited that same day, in the ordinary course of business, in a United States mailbox in the County of San Francisco, California.

_____ (by Federal Express) on all parties in said action by depositing a true and correct copy thereof in a sealed packet for overnight mail delivery, with charges thereon fully paid, in a Federal Express collection box, at San Francisco, California, and addressed as set forth below.

_____ (by facsimile transmission) on all parties in said action, by transmitting a true and correct copy thereof from our office facsimile machine, (415) 490-9001, to the facsimile machine number(s) shown below. Following transmission, I received a "Transmission Report" from our fax machine indicating that the transmission had been transmitted without error.

| Joseph K. Hairston<br>P.O. Box 494<br>Niagra Falls, NY 14302 | **Plaintiff in Pro Per** |
|---|---|

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on October 4, 2007, at San Francisco, California.

*Judy Keenan*

---

ANSWER TO EMPLOYMENT DISCRIMINATION COMPLAINT                                                                                                                  9
*Hairston v. New World Environmental, et al.; Case No. C07-03882 BZ*
SanFrancisco 102866.1