

1  Timothy J. Murphy (State Bar No. 54200)
   Stacey A. Zartler (State Bar No. 160859)
2  FISHER & PHILLIPS LLP
   One Embarcadero Center, Suite 2340
3  San Francisco, CA 94111-3712
   Telephone: (415) 490-9000
4  Facsimile: (415) 490-9001
   szartler@laborlawyers.com
5
   Attorneys for Defendant
6  Tetra Tech EC, Inc.
   (erroneously sued as Tetra Tech-Foster Wheeler)
7

8

9          IN THE UNITED STATES DISTRICT COURT

10        FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12

13  JOSEPH K. HAIRSTON,                    Civil Action No. C07-03882 PJH

14              Plaintiff,                 **NOTICE OF MOTION AND MOTION OF DEFENDANT TETRA TECH EC, INC. FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES [F.R.C.P. 12(c)]**
15     vs.

16  NEW WORLD ENVIRONMENTAL, et al.        Date:      December 5, 2007
                                           Time:      9:00 a.m.
17              Defendant.                 Location:  Courtroom 3, 17th Floor

18

19

20  TO PLAINTIFF JOSEPH K. HAIRSTON, IN PROPRIA PERSONA:

21         PLEASE TAKE NOTICE that on December 5, 2007 at 9:00 a.m. or as soon thereafter

22  as the matter may be heard, in Courtroom 3 of the above-entitled court, located on the 17th

23  floor of the Phillip Burton Federal Building, 450 Golden Gate Avenue, San Francisco,

24  California 94102, Defendant Tetra Tech EC, Inc. ("Tetra Tech"), erroneously sued as Tetra

25  Tech-Foster Wheeler, will and hereby does move for judgment on the pleadings in its favor

26  pursuant to Federal Rule of Civil Procedure 12(c).

27         Tetra Tech's motion is based on the following grounds, each of which is independently

28  sufficient for a grant of judgment:

---

DEFENDANT TETRA TECH'S MOTION FOR JUDGMENT ON THE PLEADINGS                    1
*Hairston v. New World Environmental, et al.; Case No. C07-03882 PJH*
SanFrancisco 103040.1

1.    Plaintiff Joseph K. Hairston failed to exhaust his administrative remedies under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(e)(1) by filing a charge of discrimination against Tetra Tech; and he cannot cure this defect now because more than 300 days have elapsed since the last alleged act of discrimination occurred;

2.    Tetra Tech was neither the employer or a joint employer of Mr. Hairston; and/or

3.    The Complaint does not allege that Tetra Tech engaged in any discriminatory practices.

Tetra Tech's motion is based on this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; the pleadings on file in this matter, including the attachments to Mr. Hairston's Complaint; and such oral argument as the Court may entertain on the motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Defendant Tetra Tech EC, Inc. ("Tetra Tech"), erroneously sued as Tetra Tech-Foster Wheeler, moves for judgment on the pleadings against Plaintiff Joseph K. Hairston ("Mr. Hairston") pursuant to Federal Rule of Civil Procedure 12(c).  Tetra Tech moves for judgment on the following grounds, each of which is independently sufficient for a grant of judgment: (1) Mr. Hairston did not exhaust his administrative remedies against Tetra Tech as required by Title VII and cannot cure this defect by amending his EEOC charge because more than 300 days have elapsed since the last alleged unlawful act; (2) Tetra Tech was neither the employer or a joint employer of Mr. Hairston; and (3) The Complaint does not allege that Tetra Tech engaged in any discriminatory practices.

### II.    THE PLEADINGS

Mr. Hairston commenced this action on July 30, 2007 by filing the Northern District's form Employment Discrimination Complaint under Title VII, naming New World Environmental dba New World Technology and Tetra Tech–Foster Wheeler as defendants in the caption.  In his Complaint, Mr. Hairston alleged that the basic facts surrounding his claim

---

of race discrimination were as follows:

> Discriminatory hiring practices and retaliatory actions due to bringing up the issue of biased hiring/promoting practices. **New World Technology** operated discriminatory hiring and promoting in that equal opportunities were not afforded to all races and promotions were hand-picked and not allowed opportunity to all. Retaliation occurred and prompted termination of my employment.

(Complaint ¶ 6) (emphasis added)  Mr. Hairston did not mention Tetra Tech in the narrative portion of his Complaint or accuse Tetra Tech of engaging in any wrongdoing.

Mr. Hairston alleged that the discrimination occurred on or about "Jan. 2006 – Mar. 2006" and that he filed charges with the Equal Employment Opportunity Commission (or the Department of Fair Employment and Housing) on or about "May/June 2006."  (Complaint ¶¶ 7, 8)  Finally, Mr. Hairston alleged that he had received a Notice-of-Right-to-Sue letter from the EEOC on or about May 27, 2007.  (Complaint ¶ 9)  The right to sue letter was attached as an exhibit to the Complaint.  "New World Environment" is listed on the Dismissal and Notice of Rights letter as receiving a copy; Tetra Tech is not.

In its answer filed October 4, 2007, Tetra Tech asserted in part that Mr. Hairston had not exhausted his administrative remedies as to Tetra Tech as required by Title VII, that Mr. Hairston had never filed any administrative charge against Tetra Tech, and that Tetra Tech was not named in the charge Mr. Hairston did file against Defendant New World Environmental. (Answer ¶ 3 at 2:5-11).  Tetra Tech had no knowledge or information that any charge had even been filed against New World Environmental until Tetra Tech was served with the Complaint in this case, which attached the right to sue letter from the EEOC. (*Id.*)  Tetra Tech's second affirmative defense asserts that Mr. Hairston failed to exhaust his administrative remedies under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*  (Answer at 4:12-18)  Tetra Tech's third affirmative defense asserts that Mr. Hairston's claims under Title VII are barred by the applicable statutes of limitation, including 42 U.S.C. § 2000e-5(e)(1).  (Answer at 4:19-23)

Tetra Tech also asserted that it was neither Mr. Hairston's employer nor a joint employer and that the Complaint failed to state a viable claim against Tetra Tech (Answer ¶ 3 at 2:17- 3:11; First Affirmative Defense, 4:8-11).  Tetra Tech contracted with the United States

---

DEFENDANT TETRA TECH'S MOTION FOR JUDGMENT ON THE PLEADINGS                                    3
*Hairston v. New World Environmental, et al.; Case No. C07-03882 PJH*
SanFrancisco 103040.1

1  Navy, Southwest Division to engage in services at Hunter's Point, California. Tetra Tech

2  entered into a subcontract with Defendant New World Environmental, Inc. (hereinafter "New

3  World") to perform certain services at Hunter's Point. Tetra Tech understands, on information

4  and belief, that Plaintiff was an employee of New World. (Answer ¶ 3 at 2:17-23)

5       Tetra Tech exercised no control over Plaintiff's employment. (*Id.*) Tetra Tech was not

6  involved in any way with Plaintiff's employment at New World, including with regard to the

7  following: (a) hiring or not hiring, (b) termination, (c) promotions or lack thereof, (d) discipline

8  or recommendations of discipline, (e) day-to-day supervision, (f) regulating his work hours or

9  days of work, (g) determining his job duties, (h) assigning his job duties, (i) establishing his

10  compensation, including rate, method and frequency of payment, (j) calculating or issuing his

11  paychecks, (k) keeping track of his time, (l) keeping his employment records, (m) providing

12  him with any fringe benefits, including health insurance, (n) providing workers' compensation

13  insurance for him, (o) otherwise insuring him, (p) making contributions to state or federal

14  taxes, FICA, FUTA, SDI, social security or any other employment taxes for him, (q) making

15  unemployment insurance contributions for him, (r) providing him any time off, or (s) setting or

16  altering any other term or condition of his employment. (Answer ¶ 3 at 2:23-3:8) Tetra Tech

17  was not aware of any complaints Plaintiff may have had before this lawsuit, including about

18  any alleged racially discriminatory or retaliatory decisions, and including the hiring, promotion

19  and termination decisions alleged in the Complaint. (Answer ¶ 3 at 3:8-11). Finally, the

20  Complaint fails to allege that Tetra Tech engaged in any of the discrimination or retaliation

21  described therein.

22       Tetra Tech now moves for judgment on the pleadings on these grounds.

23  **III.    LEGAL STANDARDS**

24       A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c)

25  is subject to the same standards as a motion to dismiss under Rule 12(b)(6). *See e.g., Enron Oil*

26  *Trading & Transp. Co. v. Walbrook Ins. Co., Ltd.*, **132 F.3d 526, 528-29** (9th Cir. 1997).

27  Judgment should be granted under Rule 12(c) "when the moving party clearly establishes on

28  the face of the pleadings that no material issue of fact remains to be resolved and that it is

---

DEFENDANT TETRA TECH'S MOTION FOR JUDGMENT ON THE PLEADINGS    4
*Hairston v. New World Environmental, et al.; Case No. C07-03882 PJH*
SanFrancisco 103040.1

1    entitled to judgment as a matter of law." *Gen. Conference Corp. of Seventh-Day Adventists v.*

2    *Seventh-Day Adventist Congregational Church,* 887 F.2d 228, 230 (9th Cir. 1989).

3       When deciding a Rule 12(c) motion, "the allegations of the non-moving party must be

4    accepted as true, while the allegations of the moving party which have been denied are assumed

5    to be false." *Doleman v. Meiji Mutual Life Ins. Co ,* 727 F.2d 1480, 1482 (9th Cir. 1984).

6    Materials properly attached to a complaint as exhibits may be considered without converting

7    the motion into one for summary judgment. *Rose v. Chase Manhattan Bank USA,* 396 F. Supp.

8    2d 1116, 1119 (C.D. Cal. 2005). All inferences reasonably drawn from the material facts

9    alleged in the complaint must be construed in favor of the non-moving party. *See Seventh-Day*

10    *Adventists,* 887 F.2d at 230. However, the court "need not assume the truth of legal

11    conclusions pleaded in the complaint merely because they take the form of factual allegations."

12    *Madison v. Motion Picture Set Painters/Sign Writers,* 132 F. Supp. 2d 1244, 1259 (C.D. Cal.

13    2000). Uncontested allegations to which the non-moving party had an opportunity to respond

14    are also taken as true. *Qwest Communics. Corp. v. City of Berkeley,* 208 F.R.D. 288, 291 (N.D.

15    Cal. 2002).

16       The U.S. Supreme Court recently addressed the question of how much specificity is

17    required to state a claim for relief in the context of a Rule 12(b)(6) motion to dismiss:

18
19       While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need
       detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his
       "entitlement to relief" requires more than labels and conclusions, and a formulaic
20       recitation of the elements of a cause of action will not do. Factual allegations
       must be enough to raise a right to relief above the speculative level, on the
21       assumption that all the allegations in the complaint are true (even if doubtful in
       fact).
22

23    *Bell Atlantic Corp. v. Twombly,* __ U.S. __, 127 S. Ct. 1955, 1965 (2007) (citations omitted).

24    Mr. Hairston's failure to name Tetra Tech in the narrative portion of Paragraph 6 of the

25    Complaint does not raise his right to recover against Tetra Tech "above the speculative level,"

26    because Mr. Hairston does not allege that Tetra Tech engaged in any discriminatory or

27    retaliatory acts.

28

DEFENDANT TETRA TECH'S MOTION FOR JUDGMENT ON THE PLEADINGS      5
*Hairston v. New World Environmental, et al.; Case No. C07-03882 PJH*
SanFrancisco 103040.1

## IV.    ARGUMENT

### A.    Mr. Hairston Failed to Exhaust His Administrative Remedies as to Tetra Tech

To proceed to court on a claim under Title VII, the plaintiff must first exhaust his administrative remedies by filing a timely charge of discrimination with the Equal Employment Opportunity Commission (EEOC) or the appropriate state agency, thus allowing the agency an opportunity to investigate the charge. *See, e.g., B.K.B. v. Maui Police Dep't,* 276 F.3d 1091, 1099 (9th Cir. 2002); 42 U.S.C. § 2000e-5(b). "The administrative charge requirement serves the important purposes of giving the charged party notice of the claim and narrowing the issues for prompt adjudication and decision." *B.K.B.,* 276 F.3d at 1099. "[S]ubstantial compliance with the exhaustion requirement is a jurisdictional pre-requisite. The jurisdictional scope of the plaintiff's court action depends on the scope of the EEOC charge and investigation. The specific claims made in district court ordinarily must be presented to the EEOC." *Leong v. Potter,* 347 F.3d 1117, 1122 (9th Cir. 2003) (citations omitted).

As a general proposition, "Title VII claimants may sue only those named in the EEOC charge because only they had an opportunity to respond to charges during the administrative proceeding." *Sosa v. Hiraoka,* 920 F.2d 1451, 1458 (9th Cir. 1990). While "Title VII charges can be brought against persons not named in an E.E.O.C. complaint as long as they were involved in the acts giving rise to the E.E.O.C. claims," *EEOC v. Nat'l Educ. Ass'n,* 422 F.3d 840, 847 (9th Cir. 2005), Mr. Hairston has not alleged *any* involvement by Tetra Tech or its employees in the claimed unlawful acts described in the EEOC charge or in the complaint. (Complaint ¶ 6 & Right to Sue Notice Attachment; *see also* Answer ¶ 3 at p. 2, lines 5 to 11; Answer at p. 4, lines 12-18)  Indeed, Tetra Tech had no knowledge of the existence of Mr. Hairston's EEOC charge until the company was served with a copy of the complaint in this action. (Answer ¶ 3 at p. 2, lines 5 to 11.)

Mr. Hairston cannot maintain a Title VII action against Tetra Tech when he has not properly exhausted his administrative remedies against the company with the EEOC. Judgment in favor of Tetra Tech may be properly granted in these circumstances.

**B.    Mr. Hairston Cannot Cure This Defect Because the Time to File an EEOC Charge Against Tetra Tech Has Long Since Passed**

Mr. Hairston did not timely file an EEOC charge against Tetra Tech and cannot cure this defect by filing one now, as the allegations are time-barred.  Under Title VII, a plaintiff generally must file a charge of discrimination or retaliation within 180 days of the last act of discrimination.  *See* 42 U.S.C. § 2000e-5(e)(1); *MacDonald v. Grace Church Seattle,* 457 F.3d 1079, 1081-82 (9th Cir. 2006).  If the plaintiff elects to first file a charge with the equivalent state agency (here, the California Department of Fair Employment and Housing), the time to file a charge with the EEOC is extended to 300 days.  *See* 42 U.S.C. § 2000e-5(e)(1); *EEOC v. Dinuba Med. Clinic,* 222 F.3d 580, 585 (9th Cir. 2000).

Mr. Hairston alleges in Paragraph 7 of the Complaint that the alleged discrimination occurred on or about January 2006 to March 2006.  Assuming, for argument's sake, that the last act of discrimination occurred on the last possible date alleged by Mr. Hairston -- March 31, 2006, under Title VII, Mr. Hairston would have had 300 days, or until January 25, 2007, to file a charge of discrimination with the DFEH or EEOC alleging unlawful conduct by Tetra Tech.  He did not do so, and cannot now file a timely claim.  It would be futile for the Court to allow Mr. Hairston leave to amend his Complaint under these circumstances, and Tetra Tech therefore respectfully requests that the Court grant its motion for judgment on the pleadings.

**C.    Tetra Tech Cannot Be Held Liable to Mr. Hairston Under Title VII Because Tetra Tech Was Not His Employer or Joint Employer**

Assuming, *arguendo*, the Court finds that Mr. Hairston has exhausted his administrative remedies against Tetra Tech, this motion should be granted for the independent reason that Tetra Tech was never Mr. Hairston's employer.  In determining whether the two employing entities may be considered "joint employers," the following factors are considered: (1) the nature and degree of control over  the employees; (2) day-to-day supervision, including discipline; (3) authority to hire and fire the employee and set conditions of employment; (4) power to control pay rates or methods of payment; (5) control of the employee records, including payroll. *Torres-Lopez v. May*, 111 F.3d 633, 639-40 (9th Cir. 1997); *See also Wynn v.*

1    *National Broadcasting Co., Inc.*, 234 F. Supp. 2d 1067, 1094 (C.D. Cal. 2002).

2       As set forth above on page 3, Tetra Tech had no control over Mr. Hairston's

3 employment with New World. Tetra Tech did not engage in any day-to-day supervision of

4 him, was not involved in any discipline of him, had no authority to hire or fire him, had no

5 authority to set his conditions of employment, had no control over his pay rate, methods of

6 payment or payroll, and had no control over his employee records. (Answer ¶ 3 at 2:17- 3:11).

7 Based on the pleadings, judgment should be entered for Defendant Tetra Tech.

8       **D.**     **The Complaint Fails to Allege That Tetra Tech Engaged in Any Acts of Discrimination**

9

10       This motion should be granted for the additional reason that the Complaint does not

11 allege that Tetra Tech was involved in any of the alleged discriminatory conduct described in

12 the Complaint. (Complaint, *passim*.) All of the specific allegations are limited to defendant

13 New World, and Tetra Tech is not mentioned anywhere in the narrative portion of the

14 Complaint.

15 **V.**     **CONCLUSION**

16       Defendant Tetra Tech respectfully requests that the Court grant judgment on the

17 pleadings pursuant to Rule 12(c) in its favor, based on any or all of the following grounds, each

18 of which is independently sufficient for entry of judgment: (1) Mr. Hairston did not exhaust his

19 administrative remedies against Tetra Tech and it is too late to cure this defect; (2) Tetra Tech

20 was not Mr. Hairston's employer; and/or (3) The Complaint fails to allege any wrongdoing by

21 Tetra Tech.

22 DATED: October 22, 2007         FISHER & PHILLIPS LLP

23

24         By:    _____Stacey A. Zartler_____

                     Stacey A. Zartler

25                   FISHER & PHILLIPS LLP

                  Attorneys for Defendant

26

                  Tetra Tech EC, Inc.

27                   (erroneously sued as Tetra Tech-Foster Wheeler)

28

DEFENDANT TETRA TECH'S MOTION FOR JUDGMENT ON THE PLEADINGS     8
*Hairston v. New World Environmental, et al.; Case No. C07-03882 PJH*
SanFrancisco 103040.1

<u>CERTIFICATE OF SERVICE</u>

  I, the undersigned, am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. I am employed with the law offices of Fisher & Phillips LLP. My business address is One Embarcadero Center, Suite 2340, San Francisco, CA 94111-3712.  On this date, I served the foregoing NOTICE OF MOTION AND MOTION OF DEFENDANT TETRA TECH EC, INC. FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES [F.R.C.P. 12(c)] on the following parties:

 <u>X</u> (by mail) on all parties in said action by placing a true and correct copy thereof enclosed in a sealed envelope in a designated area for outgoing mail, addressed as set forth below. At Fisher & Phillips, mail placed in that designated area is given the correct amount of postage and is deposited that same day, in the ordinary course of business, in a United States mailbox in the County of San Francisco, California.

 ___ (by Federal Express) on all parties in said action by depositing a true and correct copy thereof in a sealed packet for overnight mail delivery, with charges thereon fully paid, in a Federal Express collection box, at San Francisco, California, and addressed as set forth below.

 ___ (by facsimile transmission) on all parties in said action, by transmitting a true and correct copy thereof from our office facsimile machine, (415) 490-9001, to the facsimile machine number(s) shown below. Following transmission, I received a "Transmission Report" from our fax machine indicating that the transmission had been transmitted without error.

| | |
|---|---|
| Joseph K. Hairston<br>P.O. Box 494<br>Niagara Falls, NY 14302 | Plaintiff In Pro Per |
| Robert J. Schnack<br>Bullivant House Bailey PC<br>1415 L Street, Suite 1000<br>Sacramento, CA 95814 | Attorneys for New World Environmental,<br>Inc., dba New World Technology |
| Telephone: (916) 930-2500<br>Facsimile: (916) 930-2501 | |

  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 22, 2007, at San Francisco, California.

_____
Signature

_____
Print Name

---

CERTIFICATE OF SERVICE
*Hairston v. New World Environmental, et al.; Case No. C07-3882 PJH*
SanFrancisco 102019.1               1