Robert J. Schnack, SBN 191987
BULLIVANT HOUSER BAILEY PC
1415 L Street, Suite 1000
Sacramento, California 95814
Telephone: 916.930.2500
Facsimile: 916.930.2501

Attorneys for Defendant New World Environmental, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSEPH K. HAIRSTON,<br><br>            Plaintiff,<br><br>vs.<br><br>NEW WORLD ENVIRONMENTAL dba NEW WORLD TECHNOLOGY; and TETRA TECH-FOSTER WHEELER,<br><br>            Defendants. | Case No.: C07-3882 PJH<br><br>**CASE MANAGEMENT STATEMENT OF DEFENDANT NEW WORLD ENVIRONMENTAL, INC.**<br><br>Date: December 6, 2007<br>Time: 2:30 p.m.<br>Honorable Phyllis J. Hamilton |

Defendant New World Environmental, Inc. dba New World Technology ("defendant" or "NWEI") submits this case management statement in advance of the December 6, 2007 case management conference. Plaintiff Joseph Hairston is *in pro per*.

**CASE MANAGEMENT STATEMENT**

**1.  Jurisdiction and Service of Process:**

This Court has jurisdiction under Title VII, 42 U.S.C. section 2000e-5. This Court is an appropriate venue because defendant NWEI conducts business in Alameda County, California. Defendant NWEI has been served with the summons and complaint and, on or about September 25, 2007, timely filed its answer and affirmative defenses and a counterclaim against plaintiff for attorney's fees. On about October 2, 2007, defendant NWEI also filed a demand for jury trial. Co-defendant Tetra Tech EC, Inc. was served and filed its answer and affirmative defenses

on about October 4, 2007. Co-defendant Tetra Tech filed motions for judgment on the pleadings on about October 22, 2007. Those motions were granted by the Court on November 26, 2007.

**2.    Facts:**

Defendant NWEI specializes in hazardous materials remediation and removal. A primary client of NWEI is the federal government for projects involving remediation of Department of Defense sites being closed under the Formerly Used Defense Sites (FUDS) program.

NWEI initially hired plaintiff Joseph Hairston on about August 22, 2005 as a Senior Health Physics IV / Environmental Technician I to work on a project at the former Hunters Point naval base located in the Bay Area. His hourly wage was $22.36. He was laid off in January 2006 when the project contract was completed. Plaintiff Hairston was re-hired by NWEI on about February 20, 2006 for a different project at Hunters Point, again as a Senior Health Physics IV / Environmental Technician I at an hourly wage of $24.60.

Co-defendant Tetra Tech was neither the employer nor a joint employer of plaintiff Hairston. Tetra Tech did not control or supervise plaintiff's work for NWEI. Tetra Tech also did not have any authority to hire plaintiff to work for NWEI, and Tetra Tech also did not have any authority to discipline or terminate plaintiff's employment with NWEI.

NWEI terminated plaintiff Hairston from the latter project on May 8, 2006 for his failure to show up for work and not following procedures for calling in (*i.e.*, no call – no show). Specifically, plaintiff had been scheduled to report for work on May 5, 2006 at 6:30 a.m. He failed to report for work that morning and did not call in to report his absence until 9:30 a.m., when he informed his supervisor Gary Wilson that he had flown to New York the day before and would not be in to work. Co-defendant Tetra Tech did not participate in NWEI's decision to terminate plaintiff's employment.

Plaintiff Hairston filed a complaint or charge with the California Department of Fair Employment and Housing ("DFEH") on January 9, 2007. In his DFEH complaint, plaintiff alleged that from December 2005 to March 2006, NWEI denied him promotions to the positions of "Data Records Manager, Records Manager, and Sample Technician." He further alleged that NWEI denied him the promotions due to his African-American race and that NWEI terminated

him on May 8, 2006 "in retaliation for [his] opposing practices [he] believe[d] to be unlawful under the California Fair Employment and Housing [Act, or FEHA]." Plaintiff further alleged that non-African-American co-workers who also had "no call, no show issues were not denied the promotions," and that shortly after he complained to the human resources department ("HR") at NWEI about being denied the promotions, he was terminated.

With regard to the claim that plaintiff had been denied promotions to the positions of Data Records Manager, Records Manager, and Sample Technician, those positions do not exist within NWEI. Indeed, those positions are not listed in either the "Contracted Positions" for the subject projects on which plaintiff worked or the project organizational charts. NWEI also has no records of those positions *ever* existing within the company. Further, NWEI is not aware that plaintiff ever requested promotions to any positions within NWEI.

Plaintiff was terminated on May 8, 2006, as noted (*i.e.,* the no call, no show circumstance). Further, plaintiff had never complained to HR or anyone else at the company about being denied any promotions.

On May 1, 2007, DFEH issued its notice of case closure to plaintiff, because DFEH was unable to conclude that the information obtained established a violation of FEHA. *See, e.g.,* Exhibit A hereto, which is a letter from DFEH to plaintiff dated April 13, 2007. The notice of case closure also served as plaintiff's right-to-sue letter from DFEH. The EEOC adopted the findings of DFEH and issued its right-to-sue notice to plaintiff on May 25, 2007.

3. **Legal Issues:**

Defendant NWEI currently anticipates filing summary judgment and/or partial summary judgment motions on the merits of plaintiff's claim after discovery and depositions are completed.

4. **Motions:**

As noted, co-defendant Tetra Tech's motions for judgment on the pleadings were granted on November 26, 2007. Also as noted, defendant NWEI anticipates filing summary judgment and/or partial summary judgment motions after discovery and depositions are completed.

### 5. Amendment Of Pleadings:

Defendant NWEI does not currently anticipate amendment of its pleadings.

### 6. Evidence Preservation:

Defendant NWEI is not aware of any electronically recorded material relevant to the issues reasonably evident in this case.

### 7. Disclosures:

Defendant NWEI proposes that the parties' initial disclosures be made 30 days following the Court's Rule 16 Order.

### 8. Discovery:

No discovery has been propounded or taken by any party to date. Defendant NWEI anticipates that after the initial disclosures, it will conduct discovery in relation to the merits of plaintiff's claims and plaintiff's claimed damages by way of interrogatories, requests for admission, document demands, and oral depositions. Defendant NWEI proposes the following discovery plan:

| | |
|---|---|
| Exchange Pursuant to Rule 26: | 30 days following Rule 16 Order |
| Initial Designation of Expert Witnesses: | 240 days following Rule 16 Order |
| Supplemental Designation of Expert Witnesses: | 270 days following Rule 16 Order |
| Discovery Completion Date: | 335 days following Rule 16 Order |
| Dispositive motions deadline: | 365 days following Rule 16 Order |

### 9. Class Actions:

Not applicable.

### 10. Related Cases:

Defendant NWEI currently is not aware of any such cases.

### 11. Relief:

Through its counterclaim, defendant NWEI seeks its attorney's fees incurred in this action pursuant to federal Title VII, including, without limitation, 42 U.S.C. section 2000e-5(k). The amount of such attorney's fees is currently unknown and will be subject to proof at the appropriate time.

12. **Settlement And ADR:**

Defendant NWEI is currently not inclined to consider ADR, and there have been no ADR efforts initiated by any party to date. Defendant NWEI would be willing to reconsider ADR as may be appropriate after the Court rules on defendant NWEI's anticipated summary judgment and/or partial summary judgment motions.

13. **Consent To Magistrate Judge For All Purposes:**

Defendant NWEI does not consent to a Magistrate Judge for all purposes in this matter.

14. **Other References:**

Defendant NWEI does not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. **Narrowing Of Issues:**

Plaintiff alleges a single cause of action under Title VII. Defendant NWEI anticipates that its anticipated summary judgment and/or partial summary judgment motions will either narrow the issues for trial or be dispositive of this case in its entirety.

16. **Expedited Schedule:**

Defendant NWEI does not believe this case is suitable for any expedited scheduling or streamlined procedures.

17. **Scheduling:**

Defendant NWEI proposes the following schedule for this case:

| | |
|---|---|
| Exchange Pursuant to Rule 26: | 30 days following Rule 16 Order |
| Initial Designation of Expert Witnesses: | 240 days following Rule 16 Order |
| Supplemental Designation of Expert Witnesses: | 270 days following Rule 16 Order |
| Discovery Completion Date: | 335 days following Rule 16 Order |
| Dispositive motions deadline: | 365 days following Rule 16 Order |
| Pretrial Conference and Trial: | To be determined after summary judgment rulings |

18. **Trial:**

Defendant NWEI reserves the right to a jury trial and presently estimates that a trial would take four to five days to complete.

19. **Disclosure Of Non-Party Interested Entities Or Persons:**

Defendant NWEI and co-defendant Tetra Tech have each filed their certifications of interested entities or persons. Defendant NWEI's disclosure pursuant to Civil Local Rule 3-16 stated that "(a) defendant New World Environmental, Inc. dba New World Technology is a privately held corporation in which the sole shareholders are Don Wadsworth, Tessie Voisan, and Mike Wilson, and (b) defendant New World Environmental, Inc. dba New World Technology is not aware of any other persons, associations, firms, partnerships, corporations, or other entities, other than the named parties and those persons named in (a) hereinabove, who have a financial or other interest in the subject matter in controversy or in a party that could substantially be affected by the outcome of this proceeding."

DATED: November 28, 2007

BULLIVANT HOUSER BAILEY PC

By _____
Robert J. Schnack

Attorneys for Defendant New World
Environmental, Inc. dba New World Technology

4271174.1

STATE OF CALIFORNIA – State and Consumer Services Agency                                                                ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
1515 Clay Street, Suite 701, Oakland, CA  94612-2512
(510) 622-2941  TTY (800) 700-2320  Fax (510) 622-2951
www.dfeh.ca.gov



April 13 2007

JOSEPH KEITH HAIRSTON
2499 Woodlawn Avenue
Niagara Falls, NY 14301-1445

   RE:    E200607M0938-00-re   EEOC #: 37AA708163
           HAIRSTON/NEW WORLD ENVIRONMENT

Dear Mr. HAIRSTON:

The Department of Fair Employment and Housing (DFEH) is a neutral fact-finding law enforcement agency. We do not represent either party in the course of an investigation. The legal standard for establishing that a violation of the Fair Employment and Housing Act (FEHA) has occurred is that a preponderance of the information gathered in the course of an investigation supports such a finding. The findings in our investigations are guided by decisions of the Fair Employment and Housing Commission as well as relevant state and federal courts. The investigation of your complaint included review of information and input from you and information from the Respondent (the party against whom you filed your complaint) as well as sources and information determined by the DFEH to be relevant to your allegations.

The investigation did not reveal sufficient evidence or information to establish that a violation of the FEHA occurred. This letter is a summary of and may not reflect all of the information examined during the course of the investigation or discussed with you previously. If you have any new additional information to support your allegations, you have **fourteen (14) days** from the date of this letter to submit that information for review.

Your complaint stated that you were denied a promotion, and terminated, because of your race, African American, and because you protested discrimination.

The Fair Employment and Housing Act protects individuals from discrimination and gives them the right to make complaints about what they consider to be discrimination. Any protest of discriminatory practices is, therefore, protected by the Fair Employment and Housing Act. An employer may not retaliate against an employee who complains of discrimination. Complaining that one is being treated unfairly or being singled out for discipline, is not in itself a complaint of discrimination. For an employee's complaint to be considered protected by the Fair Employment and Housing Act, that employee must articulate his or her belief to management, that the adverse actions or practices are linked to a protected basis, in this case, your race.

You stated that your protest consisted of your assertion to management that you were

**EXHIBIT A**

DFEH-200-12 (04/06)

passed over for promotion because of your race.

Information and documentation provided to the investigation by your employer indicates that the individuals whom you asserted to have been promoted in your place were not, in fact, promoted during the period of your employment. You stated that ▇▇▇, ▇▇▇ and ▇▇▇ were promoted in your stead. However, documentation provided to the investigation, shows that these three individuals held the position of Senior Health Physics Technician, the same position that you held, and receiving the same salary you received, throughout the period of your employment. According to your employer, any use of the term "records managers" was an informal reference to their handling of records and paperwork related to soil samples, not to any real management position.

You also asserted that ▇▇▇ and ▇▇▇ were promoted in your stead. Documentation provided to the investigation, shows that ▇▇▇ and ▇▇▇ were already categorized in supervisory positions prior to your original hire date in 2005. A copy of ▇▇▇ status change notice dated March 29, 2005 shows that his position was changed from Sr. Health Physic Technician to Health Physic Supervisor. A copy of ▇▇▇ Contracted Temporary Employee Agree shows his hire date as HP Supervisor Level III on March 21, 2005. Therefore, they were not promoted during the time that you were employed.

Witness testimony did not confirm a pattern of promoting Caucasian employees over African American employees. Witness testimony confirmed that ▇▇▇ and ▇▇▇ were already ranked as supervisors prior to your hire date in August 2005.

Your complaint also stated that you were terminated because of your race and in retaliation for protesting discrimination, as noted above.

Evidence examined during the investigation supports your employer's non-discriminatory reasons for your termination. Documentation provided to the investigation shows that you were tardy or absent in October, November, and December 2005 and also in January, February and March 2006. Witness statements regarding your absence on May 5, 2006 indicate that you failed to follow the correct call in procedure. Your employer's written policy states that "Employees...must call and talk to their direct supervisor within 30 minutes of their scheduled start time. The following is not acceptable: leaving a message with a co-worker, voice mail...."

You stated that you attempted to reach your supervisor, ▇▇▇, during the appropriate time but that he did not answer his cell phone. You stated you therefore left a voice mail message for him and called him back after the beginning of the shift, at approximately 9:30 A.M. You did not attempt to contact anyone else in management to report your absence. Mr. ▇▇▇ statement confirmed that you spoke to him directly after the start of the shift, approximately 9:00 A.M. (His statement did not confirm that you left a voice mail message for him.) Your employer relied on Mr. ▇▇▇'s statement in making the decision to terminate your employment.

The personnel records of other employees under the same supervisor indicates that non-

African American employees have been terminated for similar reasons as those for which you were terminated. A Caucasian employee, ▇▇▇▇▇▇▇, was terminated for no show on the same day that you were. In addition, documentation shows that other, non-African American employee were also disciplined for absence and tardiness. This does not appear to support the assertion that management had a racial bias against you.

You were terminated under the same management team and decision makers who were in place less than four months earlier when you were hired. This tends to undermine the contention that management had a racial bias based on your race.

The hiring record of your employer during the period of time in question does not appear to reflect a bias against the hiring of African American individuals.

You did not cite any remarks or comments that would imply a racial bias on the part of management.

Although DFEH has concluded that the evidence and information did not support a finding that a violation of the FEHA occurred, the allegations and conduct at issue may be in violation of other laws. (These may include wrongful termination, violation of the covenant of good faith and fair dealing, intentional infliction of emotional distress, negligent supervision, etc.) You should consult an attorney as soon as possible regarding any other options and/or recourse you may have regarding the underlying acts or conduct. Again, any relevant new information you want us to consider must be submitted within **fourteen (14) days** from the date of this letter.

If your case is dual filed with the United States Equal Employment Opportunity Commission (EEOC), you have a right to request EEOC perform a substantial weight review of our agency's findings. To secure this review, you must request it in writing to the State and Local Coordinator at: 350 The Embarcadero, Suite 500, San Francisco, CA 94105, (415) 625-5600.

This request must be made within **fifteen (15) days** of your receipt of the letter closing your case.

Sincerely,

*[signature]*

COLLIN ALSCHER
Consultant
Telephone Number: 510-622-2978

## CERTIFICATE OF SERVICE

I am a citizen of the United States and am employed in Sacramento County, where this mailing occurs. My business address is 1415 L Street, Suite 1000, Sacramento, California 95814. I am over the age of 18 years and not a party to the within cause.

On November 28, 2007, following ordinary business practice, I served the foregoing document(s) described as:

**CASE MANAGEMENT STATEMENT OF DEFENDANT NEW WORLD ENVIRONMENTAL, INC.**

in the following manner, by placing a true copy/true copies thereof in a sealed envelope/sealed envelopes, addressed as follows:

| **Plaintiff In Pro Per** | **Attorneys for Defendant Tetra Tech EC, Inc. (erroneously sued herein as Tetra Tech-Foster Wheeler)** |
|---|---|
| Joseph Hairston<br>P.O. Box 494<br>Niagara Falls, NY 14302<br>**(BY MAIL)** | Stacey A. Zartler<br>Fisher & Phillips, LLP<br>One Embarcadero Center, Suite 2340<br>San Francisco, CA 94111<br>PH: (415) 490-9000<br>FAX: (415) 490-9001<br>**(BY E-MAIL SERVICE)** |

__XXX__   **(BY MAIL)** I caused such envelope(s) **NOTED ABOVE** with First Class postage thereon fully prepaid to be placed in the U.S. Mail in Sacramento, California. I am readily familiar with my employer's normal business practice for collection and processing of correspondence and other material for mailing with the United States Postal Service, and that practice is that said material is deposited with the United States Postal Service the same day as the day of collection in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date of postage meter date is more than 1 day after date of deposit for mailing in affidavit.

____   **(BY FACSIMILE)** I personally transmitted the aforementioned document, via facsimile machine, to each of the above listed parties' FAX numbers between the hours of 9:00 a.m. and 5:00 p.m. on _____, and received verification thereafter of each complete transmission. A copy of that report, which was properly issued by the transmitting machine, is attached hereto.

__XXX__   **BY EMAIL – ESERVICE** I caused to be served upon each party via (1) their above email address; (2) through Lexis-Nexis Serve and File, or (3) through the court's electronic court filing system.

[X]   **(Federal)** I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on November 28, 2007, at Sacramento, California.

*/s/ Kris E. McBride*
/Kris E. McBride